Yasha Bronshteyn, Esq.
Ginzburg & Bronshteyn, LLP
11111 Santa Monica Boulevard, Suite 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242
SBN: 210248

Julie Cohen Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Tel. (845) 647-8500
Fax (845) 647-6277

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

---

DIRECTV, Inc., a California corporation,

    Plaintiff,

v.

ASHOK K. KUMAR, Individually, and as officer, director, shareholder and/or principal of COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, and COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA,

    Defendant.

---

Civil Action No.

CV08-07873 CAS (MANx)

## PLAINTIFF'S ORIGINAL COMPLAINT

1.     Plaintiff, DIRECTV, sues, ASHOK K. KUMAR, Individually, and as officer, director, shareholder and/or principal of COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST

PIZZA, and COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, (referred to hereinafter as "DEFENDANT" or "DEFENDANTS'"), and states:

## I. JURISDICTION

2. This lawsuit is brought pursuant to the Cable Communications Policy Act of 1984, 47 U.S.C.§§521. et seq. (The "Act") as an action for declaratory and injunctive relief and damages for the improper receipt, transmission, and exhibition of satellite programming signals in violation of the Act. This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §1331. Pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3. This Court has personal jurisdiction over the parties in this action. The Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of California, and certain activities of the Defendants giving rise to this action took place in the State of California; more particularly, Defendants' acts of violating federal laws and DIRECTV, Inc.'s proprietary rights as distributor of the satellite programming transmission signals took place within the Central District of California. Moreover, upon information and belief, Defendants have its principal place of business within the State of California; thus, this Court has personal jurisdiction over the Defendants.

## II. VENUE

4. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within Ventura County, which is

1 within the Central District of California [28 U.S.C.§84(c)(2)].

### III. PARTIES

5. Plaintiff, DIRECTV, Inc. ("DIRECTV") is at all times relevant hereto a corporation incorporated under the laws of the State of California. DIRECTV is a major distributor of satellite programming doing business throughout the United States. Through its operations DIRECTV provides interstate direct broadcast satellite programming to satellite dish owners who pay for the programming via a subscription fee and obtain a programming license from DIRECTV in return for a subscription. The obvious result of a user subscription is that users can then watch programs on their televisions and/or listen to certain high quality audio programs communicated electronically by DIRECTV via satellite (the "Satellite Programming"). DIRECTV holds proprietary rights to the Satellite Programming it transmits and DIRECTV is the owner of and/or a lawfully designated distribution agent for such Satellite Programming.

6. Upon information and belief, Defendant, ASHOK K. KUMAR, is an officer of the defendant, COZAK FAMILY ENTERPRISES INC., for the premises located at 530 New Los Angeles Avenue, Suite 101, Moorpark, CA 93021, and resides in the State of California.

7. Upon information and belief, Defendant, LAMPPOST PIZZA, is the premises name located at 530 New Los Angeles Avenue, Suite 101, Moorpark, CA 93021.

8. Upon information and belief, Defendant, COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, is located and doing business at 530 New Los Angeles Avenue, Suite 101, Moorpark, CA 93021, and Cozak Family Enterprises Inc., has an address of 5533 Lake Lindero Drive, Agoura Hills, CA 91301, as a commercial establishment.

## IV. FACTS

9. DIRECTV incorporates and realleges by reference allegations within paragraphs 1 through 8 of this complaint as if fully set forth herein.

10. By way of further allegation, DIRECTV alleges that to prevent unauthorized entities and persons from viewing the Satellite Programming, DIRECTV encrypts the satellite transmissions. Upon payment of the appropriate subscription or license fees, DIRECTV authorizes and enables the subscriber to unscramble and receive the Satellite Programming.

11. DIRECTV provides services to homes based on residential rates and to commercial establishments under commercial rates. Because equipment used with DIRECTV services can be moved from residential locations to commercial establishments without DIRECTV's knowledge, owners of commercial establishments wishing to use DIRECTV's programming, for their own commercial gain, at the lower residential rates can surreptitiously gain access to DIRECTV programming without proper authorization by subscribing to DIRECTV services under a residential account and then installing/moving the equipment to their business and utilizing those services in a commercial environment.

12. On or about and prior to December 2, 2007, DEFENDANTS willfully received and displayed Satellite Programing to the public and for commercial benefit or financial gain; specifically, DEFENDANTS received and displayed, among other programs, National Football League games only available through DIRECTV's premium "NFL Ticket" service. Such Satellite Programming was displayed without authorization from DIRECTV.

13. DEFENDANTS, without entitlement, without prior permission or authorization from DIRECTV, and without having paid DIRECTV for the right to receive, broadcast, use or display

DIRECTV's Satellite Programming in the commercial establishment known as LAMPPOST PIZZA, has received, assisted in receiving, transmitted, assisted in transmitting, divulged, published and displayed the content and substance of DIRECTV's Satellite Programming at such DEFENDANTS place of business, LAMPPOST PIZZA. Without authorization, DEFENDANTS displayed and/or published such Satellite Programming to their customers and others. DEFENDANTS' conduct violates several federal statutes, (including 18 U.S.C. §§2511 and 2512 and 47 U.S.C. §605) and laws of the State of California. Moreover, DEFENDANTS' acts were unauthorized, willful, and for purposes of direct or indirect commercial advantage or private financial gain.

14. DIRECTV has been damaged by DEFENDANTS in that (a) DIRECTV has been denied subscription fees for commercial use of its Satellite Programming; (b) DIRECTV's sales have been reduced through DEFENDANTS unfair competition with DIRECTV's authorized customers; and (c) DIRECTV's proprietary rights in the Satellite Programming have been impaired. In addition, DEFENDANTS profited and gained commercial advantage from the unauthorized and willful use of DIRECTV's Satellite Programming.

15. DIRECTV has been required to retain attorneys to prevent DEFENDANTS' wrongful acts and to prosecute this action. Due to DEFENDANTS' statutory violations, DIRECTV is entitled to recover the reasonable attorneys' fees and expenses incurred in prosecution of this action under federal law.

## V. CAUSES OF ACTION

### Count 1 - Damages for Violations of Cable Communications Policy Act
### [47 U.S.C. §605(e)(3(C)]

16. DIRECTV incorporates and realleges by reference allegations within paragraphs 1

through 15 of this complaint as if fully set forth herein.

17. DIRECTV alleges on information and belief, that DEFENDANTS effected unauthorized interception and receipt of Satellite Programming by ordering programming for residential use and subsequently displaying the programming in a commercial establishment for commercial gain without authorization, or by such other means which are unknown to DIRECTV and known only to DEFENDANTS.

18. Each of the DEFENDANTS' acts violates federal law. DEFENDANTS, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception or exhibition of Satellite Programming transmitted by DIRECTV. Moreover, DEFENDANTS divulged or published the existence contents, substance, purport, effect or meaning of such satellite communications. Further, DEFENDANTS used such communications for their own benefit or for the benefit of others who were not entitled to such communications. Each of these acts is a practice prohibited by 47 U.S.C. §605(a).

19. DIRECTV is a person aggrieved by the DEFENDANTS violation of 47 U.S.C. §605 and is authorized to institute this action against the DEFENDANTS pursuant to 47 U.S.C. §605(e)(3)(A).

20. DEFENDANTS' violations of 47 U.S.C. §605 have injured DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming. As a further result of such violations, DIRECTV's goodwill and reputation have been usurped by DEFENDANTS while DEFENDANTS gained and will continue to gain unjust profits and undeserved goodwill. DIRECTV is entitled to costs, reasonable attorney's fees, actual damages, suffered, and profits obtained by

DEFENDANTS attributable to its illegal conduct.

21. Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. §605(a).

22. DIRECTV will further show that DEFENDANTS conduct in violation of 47 U.S.C. §605(a) was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23. Due to DEFENDANTS willful conduct, DIRECTV is entitled to statutory damages in an amount not less that $10,000 and up to $100,000 for each willful violation of 47 U.S.C. §605(a).

### Count 2 - Damages for Violations of 18 U.S.C. §2511

24. DIRECTV incorporates and realleges by reference allegations within paragraphs 1 through 23 of this complaint as if fully set forth herein.

25. For further cause of action, DIRECTV alleges that DEFENDANTS intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. DEFENDANTS further disclosed or endeavored to disclose to others the contents of electronic communications, knowing or having a reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511. DEFENDANTS further intentionally used or endeavored to use the contents of electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511.

26. DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C. §2520.

27. Due to DEFENDANTS wrongful conduct, DIRECTV is entitled, under 18 U.S.C. §2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the DEFENDANTS as a result of their conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day DEFENDANTS acted in violation of 18 U.S.C. §2511.

### Count 3 - Civil Conversion

28. DIRECTV incorporates and realleges by reference allegations within paragraphs 1 through 27 of this complaint as if fully set forth herein.

29. By virtue of the conduct set forth above, DEFENDANTS have unlawfully converted DIRECTV's property for its own commercial use and benefit.

30. Such conversion was done intentionally and wrongfully by DEFENDANTS to deprive DIRECTV of its proprietary interests and for DEFENDANTS direct commercial benefit and advantage.

31. Due to DEFENDANT's wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages.

### VI. REQUEST FOR INJUNCTIVE RELIEF

32. DIRECTV incorporates and realleges by reference allegations within paragraphs 1 through 31 of this complaint as if fully set forth herein.

33. DIRECTV further alleges that unless restrained by this Court, the DEFENDANTS will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization, in violation of 47 U.S.C. §605. The DEFENDANTS intercepted and publicly

exhibited the Satellite Programming without authorization on at least one occasion and DIRECTV cannot practicably detect or determine each occasion on which DEFENDANTS have intercepted and publicly exhibited the Satellite Programming.

34. The violations of 47 U.S.C. §605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

35. DIRECTV cannot practicably determine the loss of subscribers and lost revenues resulting from the DEFENDANTS unlawful conduct. In addition to diminishing DIRECTV's revenues, the DEFENDANTS' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability.

36. DIRECTV has no adequate remedy at law to redress the violations set forth above.

## VII. PRAYER

WHEREFORE, Plaintiff, DIRECTV, INC., prays that this Court enter judgment in its favor and against DEFENDANTS and:

a. Declare that DEFENDANTS unauthorized interception, reception, and public commercial exhibition of DIRECTV's electronic communications, or its assistance in the performance of such unauthorized actions, was in violation of 18 U.S.C. §2511 and 47 U.S.C. §605, and that such violations were committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

b. In accordance with 18 U.S.C. §2520(b)(1) and 47 U.S.C. §605(e)(3)(B)(I) enjoin DEFENDANTS, its owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from (I) interfering with DIRECTV's proprietary rights, (ii) intercepting, receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iii) further violations;

c. Award DIRECTV statutory damages in the amount of the greater of $10,000 or $100

per day for each day DEFENDANTS violated 18 U.S.C. §2511, or alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the DEFENDANTS' violations of 18 U.S.C. §2511;

d. Award DIRECTV statutory damages in the amount of $10,000 for each violation of 47 U.S.C. §605, plus an additional $100,000 for each violation pursuant to 47 U.S.C. §605(e)(3)(C)(ii); alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the DEFENDANTS' violations of 47 U.S.C. §605;

e. That the Court award punitive damages;

f. That this Court award DIRECTV its costs, including reasonable attorney's fees, prejudgment interest and post-judgment interest, and such other relief to which DIRECTV may be entitled.

Dated: November 25, 2008
Ellenville, New York

Respectfully submitted,

DIRECTV, Inc.

By: _____
JULIE COHEN LONSTEIN, ESQ.
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill : P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
Email: Info@signallaw.com
Our File No. NFL7-13GA-C01V

By: _____
YASHA BRONSHTEYN
Bar Roll No. 210248
GINZBURG & BRONSHTEYN, LLP
Resident Counsel for Plaintiff
11111 Santa Monica Blvd
Ste 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242
Email: yashagbllp@yahoo.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### CV08- 7873 CAS (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Yasha Bronshteyn, Esq.
Ginzburg & Bronshteyn, LLP
11111 Santa Monica Boulevard, Suite 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242      SBN: 210248

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DIRECTV, Inc., a California corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV08-07873 CAS (MAN) |
| ASHOK K. KUMAR, Individually, and as officer, director, shareholder and/or principal of COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, and COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S):  See Attached Sheets

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Julie Cohen Lonstein, Esq._____, whose address is _Lonstein Law Office, P.C., 1 Terrace Hill, POB 351, Ellenville, NY  12428_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  DEC - 1 2008                    By:       **NATALIE LONGORIA**
                                                      Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

CV-01A (12/07)                                          SUMMONS

Yasha Bronshteyn, Esq.
Ginzburg & Bronshteyn, LLP
11111 Santa Monica Boulevard, Suite 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242
SBN: 210248

Julie Cohen Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Tel. (845) 647-8500
Fax (845) 647-6277

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

---

DIRECTV, Inc., a California corporation,

          Plaintiff,

v.

ASHOK K. KUMAR, Individually, and as officer, director, shareholder and/or principal of COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, and COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA,

          Defendant.

---

**ATTACHMENT TO SUMMONS**

Civil Action No.

## CAPTION LIST
## PLAINTIFF, DIRECTV, INC.
## EVENTS: Week 13 of NFL Sunday Ticket
## OUR FILE NOS.: NFL7-13CA-C01V

ASHOK K. KUMAR, Individually, and as officer, director, shareholder and/or principal of COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, and COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA
530 New Los Angeles Avenue
Suite 101
Moorpark, CA  93021                                          *Ventura County*
Our File Nos. NFL7-13CA-C01V

Ashok K. Kumar
5238 Huckleberry Oak Street
Simi Valley, CA  93063-4503                                  *Ventura County*

Cozak Family Enterprises Inc.
5533 Lake Lindero Drive
Agoura Hills, CA 91301                                       *Los Angeles County*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DIRECTV, INC., a California corporation.

**DEFENDANTS**
Ashok K. Kumar, et al

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lonstein Law Office, P.C., 1 Terrace Hill, P.O. Box 351,
Ellenville, NY  12428     Tel. (845)647-8500

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No
☐ **MONEY DEMANDED IN COMPLAINT:** $ 120,000 plus fees as to each deft.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 USC §605, et seq. and §553, et seq., 18 U.S.C. §§2511, 2512, 2520.     Defendants violated the distribution rights owned by Plaintiff.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☑ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:   Case Number:** CV08-07873

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                            CIVIL COVER SHEET                                            Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County<br>Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date November 25, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PLAINTIFF, DIRECTV, INC.**
**EVENTS: Week 13 of NFL Sunday Ticket**
**OUR FILE NOS.: NFL7-13CA-C01V**

ASHOK K. KUMAR, Individually, and as officer, director, shareholder and/or principal of COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA, and COZAK FAMILY ENTERPRISES INC. d/b/a LAMPPOST PIZZA
530 New Los Angeles Avenue
Suite 101
Moorpark, CA  93021                              *Ventura County*
Our File Nos. NFL7-13CA-C01V

Ashok K. Kumar
5238 Huckleberry Oak Street
Simi Valley, CA  93063-4503                      *Ventura County*

Cozak Family Enterprises Inc.
5533 Lake Lindero Drive
Agoura Hills, CA 91301                           *Los Angeles County*